# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANY OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:25-cv-358 |
| v. | ) | |
| | ) | |
| SYMPHONY PROPERTY | ) | |
| MANAGEMENT LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

NOW, this 29th day of May, 2026, IT IS ORDERED that Plaintiff's Petition for Removal and Change of Venue [6], and Motion for Enjoinder of claims [7] in the above-captioned matter are DISMISSED as moot. These motions were filed in, and directed to, the United States District Court for the District of North Dakota, which has since transferred Plaintiff's case to this judicial district. Therefore, any request by Plaintiff for the district court in North Dakota to join and assume jurisdiction over her pending civil matters is moot.

IT IS FURTHER ORDERED that Plaintiff's Motion to Declare State Magisterial Court Judgment Void Ab Initio (Rule 60), ECF No. [2], is DISMISSED for lack of jurisdiction. In that motion, Plaintiff requests "an order declaring the judgment entered against [her] on September 18, 2025, in the Pennsylvania Magisterial District Court, Docket No. MJ-06303-LT-0000099-2025, to be void ab initio." *See* ECF No. 2 at 1. However, under the *Rooker-Feldman* doctrine, a federal district court may not exercise jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005); *see also Pavlenko v.*

1

*Wilmington Sav. Fund Soc'y*, No. CV 25-3090, 2026 WL 1083786, at *2 (D.N.J. Apr. 22, 2026). Plaintiff's motion at ECF No. [2] makes clear that she is complaining about injuries resulting from an adverse judgment entered against her in a landlord-tenant dispute that was filed in a Pennsylvania magisterial district justice court. *See* ECF No. 2, ¶¶7, 13-14.  The judgment was entered on September 18, 2025, prior to the date her pending federal case was filed. *See id.* at ¶13; ECF No. 5-5 at 2.  Plaintiff's motion invites the federal district court to review her state court judgment and reject it on the grounds that it was entered in the absence of subject-matter jurisdiction.  *See* ECF No. 2, ¶¶16, 31-34; *see also id.* at ¶5 (asking the federal district court to declare the state court judgment "void and of no legal force or effect").  The *Rooker-Feldman* doctrine precludes this Court from granting the relief Plaintiff requests in her Motion at ECF No. 2.  *See Pavlenko, supra,* 2026 WL 1083786, at *2 (noting that the *Rooker-Feldman* doctrine applies where: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.") (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)) (internal quotation marks omitted; alteration in the original).  Accordingly, Plaintiff's motion at ECF No. [2] must be, and here is, DISMISSED for lack of jurisdiction.

SO ORDERED this 29th day of May, 2026.

SUSAN PARADISE BAXTER
United States District Judge

2