IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIFFANY OLIVER,                          )
                                         )
            Plaintiff,                   )
                                         )        **Case No. 1:25-cv-358**
      v.                                 )
                                         )
SYMPHONY PROPERTY                        )
MANAGEMENT LLC, *et al.*,                )
                                         )
            Defendants.                  )

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's *pro se* Motion for a Protective Order and To Seal the Case Under Rule 5.2(e), filed at ECF No. [12]. In this motion, Plaintiff requests entry of an order striking Defendant John Benedict May from this case and restricting remote electronic access to the docket so that Mr. May cannot monitor Plaintiff's filings and personal data. ECF No. 12 at 1; *id.,* ¶¶12-13. Plaintiff further requests that the Court order her physical address and contact information redacted from all future filings. *Id.,* ¶14. Finally, she asks the Court to formally recognize the Revocation of Power of Attorney attached to her motion which, she claims, "permanently bar[s] Mr. May from participating, filing, or acting as an agent in this matter[.]" ECF No. 2, ¶12. This motion will be denied.

Rule 5.2 of the Federal Rules of Civil Procedure generally requires the redaction of certain information pertaining to social-security and tax identification numbers, an individual's birth year, a minor's name, and financial accounts. *See* Fed. R. Civ. P. 5.2(a). For good cause shown, the court may enter a protective order that requires the redaction of additional information or that limits or prohibits a nonparty's remote electronic access to a document filed with the court. *See* Fed. R. Civ. P. 5.2(e).

1

As a general matter, however, "the common law presumes that the public has a right of access to judicial materials." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Among other things, this right of access "'promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court.'" *Id.* (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)). This "'strong presumption of openness does not permit the routine closing of judicial records to the public.'" *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

Instead, "[t]he party seeking to overcome the presumption of access bears the burden of showing that the interest in secrecy outweighs the presumption." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d at 672 (internal quotation marks and citation omitted). "The movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Miller,* 16 F.3d at 551). And the court must be able to "articulate 'the compelling, countervailing interests to be protected,' make 'specific findings on the record concerning the effects of disclosure,' and 'provide[ ] an opportunity for interested third parties to be heard.'" *Id.* at 672-73 (quoting *In re Cendant Corp.*, 260 F.3d at 194). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* (quoting *In re Cendant Corp.*, 260 F.3d at 194).

Presently, the record does not support the relief that Plaintiff requests in her motion. As matters currently stand, none of the Defendants (including Mr. May) have yet been served with the complaint or had an opportunity to respond to Plaintiff's motion. To the extent Plaintiff wishes to "strike" Mr. May from "this matter," she is free to voluntarily withdraw her claims against him, and his status as a party will then be terminated. As for the "Revocation of General,

2

Durable, and Medical Power of Attorney" appended to Plaintiff's motion, *see* ECF No. 12-2, the Court presently has no basis for opining on its legal effect but, in any event, Plaintiff's concerns about Mr. May filing documents on her behalf, invoking her rights in this litigation, or otherwise "participating, filing, or acting as an agent" for her in this case are unfounded.  Mr. May has been named as an adverse party in this lawsuit, and he is not an attorney-at-law; therefore, he may not act as Plaintiff's representative in this civil action.  *See Yoder v. Dist. Att'y Montgomery Cnty.*, 790 F. App'x 478, 481 (3d Cir. 2019) ("[A]n individual proceeding *pro se* may not represent third parties in federal court...."); *Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (holding that power of attorney "may confer certain decision-making authority under state law, but it does not permit [one] to represent [another] *pro se* in federal court").

As for Plaintiff's requests that the Court restrict remote electronic access to the docket and order the redaction of her contact information, this relief is unwarranted because Plaintiff has not overcome the strong presumption in favor of public access to the judicial record.  In particular, Plaintiff has not shown that her request involves the type of information courts will protect and that disclosure will work a clearly defined and serious injury to her.  In her motion, Plaintiff asserts that Mr. May previously "failed to utilize the Power of Attorney in good faith or with financial prudence," and engaged in a "calculated pattern of financial and administrative sabotage that directedly compromised [her] housing, reputation, and finances." ECF No. 12, ¶¶5, 7.  She expresses concerns about Mr. May being able to "track [her] legal strategy, intercept communications, and monitor geographic/contact information[.]" ECF No. 12, ¶10.  She states that she has obtained a "Disorderly Conduct Restraining Order" against Mr. May in North Dakota, where she now resides, and that Mr. May has violated that order.  The evidence she has submitted to that effect suggests that Mr. May attempted to contact her on January 19, 2026, and

that she contacted her local police department about the incident, which then prompted an officer to text Mr. May with a message directing him to stop contacting Plaintiff. ECF No. 12-5. There is no further evidence before the Court of a violation of the restraining order. In this Court's view, Plaintiff's concerns about Mr. May's extrajudicial conduct are most appropriately addressed through her local police department and the North Dakota state court's enforcement of its own restraining order, rather than by restricting public access to judicial documents in this case. And, if any party engages in bad faith or vexatious tactics in the context of this civil action, the Court can address such conduct at the appropriate time through its inherent powers to manage its own docket. *See Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 242 (3d Cir. 2007) (explaining that district courts have "very broad discretion" to "use sanctions where necessary") (internal quotations omitted); *Farris v. Cnty. of Camden*, 61 F. Supp. 2d 307, 334 (D.N.J. 1999) (court noting that it has the "inherent power to sanction an offending ... party for bad faith conduct").

Accordingly, IT IS ORDERED this 3rd day of June, 2026, that Plaintiff's Motion for a Protective Order and To Seal the Case Under Rule 5.2(e), filed at ECF No. [12] is DENIED. The denial is without prejudice to Plaintiff's right to request appropriate relief in the future, should circumstances so warrant.

SUSAN PARADISE BAXTER
United States District Judge